# Exhibit 11

**U.S. ELECTION ASSISTANCE COMMISSION**
**633 3rd St. NW, Suite 200**
**Washington, DC 20001**

VIA EMAIL

January 16, 2026

Nancy Landry
Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70804

Dear Secretary Landry,

This letter is in response to your office's November 21, 2025 request to the U.S. Election Assistance Commission ("EAC" or "Commission") to amend the Louisiana state-specific instructions on the National Mail Voter Registration Form (the Federal Form). Consistent with 5 U.S.C. § 555(e), written notice of the EAC determination on this request is provided below.

Background

The EAC, established by the Help America Vote Act (HAVA),[1] has primary authority over the Federal Form, as confirmed by the 2013 Supreme Court case *Arizona v. Inter Tribal Council of Arizona, Inc.* (*ITCA*).[2] *ITCA* held that the EAC has "validly conferred discretionary executive authority" to determine what is "necessary" for applicants to provide in the Federal Form for state election officials to assess their eligibility.[3] When novel questions of law or fact arise, the authority to interpret what is "necessary" to include on the Federal Form currently resides with the Commissioners.[4] A state may challenge the EAC's rejection of a request to amend their state-specific instructions to the Federal Form under the Administrative Procedure Act as a means of enforcing its constitutionally derived power to determine the voting qualifications of its electorate.[5]

On January 30, 2025, the State of Louisiana requested the EAC update Louisiana's state-specific instructions in the Federal Form. The State of Louisiana requested an update to require applicants using the Federal Form to, in addition to the already listed identification methods, "also provide in box 6 [their] place of birth (State/Province, Country) and, if applicable, [their] unique immigration identifier (e.g., USCIS/Alien Registration Number); Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/I-797 Receipt Number)." The

---

[1] "Help America Vote Act of 2002," (HAVA), Pub. L. No. 107-252, 116 Stat. 1666 (2002).
[2] *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013).
[3] *Id.* at 19.
[4] 52 U.S.C. § 20924 (Requiring that any action of the commission needing approval of at least three commissioners).
[5] 570 U.S. at 19.

alternative request would require the same information from the applicant, but as a separate document attached to the Federal Form. Two declarations came in support of the request.

On February 24, 2025, the State of Louisiana amended its request. The amended request would require applicants using the Federal Form to, in addition to the already listed identification methods, "provide in box 6, if applicable, [their] unique immigration identifier (e.g., USCIS/Alien Registration Number); Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/I-797 Receipt Number). If [the applicant] do[es] not have a unique immigration number, [the applicant] shall provide in box 6 [their] place of birth (State/Province, Country); sex; and if known, [their] mother's maiden name (last name before marriage)." Louisiana presented this as Option 1(A). The alternative request, termed Option 1(B), would require the same information from the applicant, but as separate documents attached to the Federal Form. The two declarations from the January submission were still in support of the amended request.

On May 16, 2025, Louisiana asked the EAC to pause its review of the amended request to provide an opportunity for the State to submit additional evidentiary information relevant to the request. On June 25, 2025 Louisiana submitted additional information and asked that the EAC resume its review. The requested modifications to the Federal Form were identical to the February 24, 2025 request, but Louisiana submitted an updated declaration.

In accordance with the EAC Procedures for Voting by Circulation, on August 27, 2025 EAC Chair Donald Palmer called a vote by tally ballot on the prior request. Chair Palmer provided the following recommendation for consideration by the Commissioners:

> "The Commission should approve the State of Louisiana's request to modify its State-Specific Instructions on Box 6 of the Federal Form as "necessary" under Option 1(A) as presented by Louisiana. Option 1(A) requests certain information such as unique identifying numbers, if available, or, if not, the applicant's place of birth, sex, and, if known, mother's maiden surname, to assess eligibility without the applicant being required to attach documentation or appear at the election office. Option 1(A) provides the opportunity for applicants to provide necessary information to Louisiana to confirm the eligibility of applicants without any additional action by the applicant."

All documentation submitted by Louisiana was included as exhibits to the recommendation. On September 5, 2025, Chair Palmer certified the results of the tally vote matter. Commissioners Palmer and McCormick voted affirmatively, and Commissioners Hovland and Hicks disapproved. As such, the recommendation did not receive majority approval as required under the Help America Vote Act. Therefore, the Commission rejected the request to amend the Louisiana state-specific instructions for Box 6 of the Federal Form as presented in Option 1(A). The Commission did not determine that that Box 6, in its current or revised format, cannot accommodate the request presented in Option 1(A); therefore, the Commission did not independently consider Option 1(B).

The Executive Director informed Louisiana of the September 5, 2025 vote on September 11, 2025. On September 26, 2025, the Louisiana Secretary of State's Office Executive Counsel, Jennifer

Bollinger, on behalf of Louisiana's chief state election official wrote a letter to the EAC requesting that the EAC independently consider Option 1(B). On November 10, 2025 Louisiana requested that the EAC pause consideration of the September 26, 2025 request.

Finally, on November 21, 2025 Louisiana provided a final request for consideration by the EAC. The final request incorporated all prior information submitted by Louisiana and includes further documentation in the form of a memorandum from the Louisiana Department of State. The request asked that the EAC consider both Option 1(A) and Option 1(B) independently, considering all information submitted by Louisiana.

The Final Request presented two options for modification to Box 6, which were consistent since the February 24, 2025 request, both requiring review by the EAC. The primary request for modification, identified by Louisiana as Option 1(A) was as follows:

> **Option 1(A).** Revise the current Louisiana-specific instruction number 6 as follows (deletions shown as strikethrough and new text shown as underlined):
>
> "6.ID Number. You must provide your Louisiana driver's license number or Louisiana special identification card number, if issued. If not issued, you must provide at least the last four digits of your social security number, if issued. The full social security number may be provided on a voluntary basis. If ~~the applicant~~ you do not have ~~has neither~~ a Louisiana driver's license, a Louisiana special identification card, or a social security number, ~~the applicant shall~~ you must attach one of the following items to ~~his~~ your application: (a) a copy of a current and valid photo identification; or (b) a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your ~~the~~ name and address ~~of applicant~~. In addition to the above information, you shall also provide in box 6, if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number). If you do not have a unique immigration number, you shall provide in box 6 your place of birth (State/Province, Country); sex; and if known, your mother's maiden name (last name before marriage). Neither the registrar nor the Department of State shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists (R.S. 18: 104 and 154; 42 U.S.C. § 405)."

Louisiana originally instructed that Option 1(B) was included for consideration only if it is determined that Box 6, in its current or revised format, cannot accommodate an applicant's ID number, place of birth, and unique immigration identifier, as applicable. However, the Final Request treated Option 1(B) as a unique request, and therefore the EAC considered the request for modification, identified by Louisiana as Option 1(B) as follows:

**Option 1(B).** Revise the current Louisiana-specific instruction number 6 as follows (deletions shown as strikethrough and new text shown as underlined):

"6.ID Number. You must provide your Louisiana driver's license number or Louisiana special identification card number, if issued. If not issued, you must provide at least the last four digits of your social security number, if issued. The full social security number may be provided on a voluntary basis. If ~~the applicant has~~ you do not have ~~neither~~ a Louisiana driver's license, a Louisiana special identification card, or a social security number, ~~the applicant shall~~ you must attach one of the following items to ~~his~~ your application: (a) a copy of a current and valid photo identification; or (b) a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your ~~the~~ name and address ~~of applicant~~. In addition to the above information, you must also attach a separate document that legibly states your place of birth (State/Province, Country); your sex; if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number); and, if known, your mother's maiden name (last name before marriage). Neither the registrar nor the Department of State shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists (R.S. 18:104 and 154; 42 U.S.C. § 405)."

Revisions to Box 6

For the requested amendments to the state-specific instructions for Box 6, the EAC General Counsel found that request to change language to "you" and/or "your" does not pose a potential conflict for the purpose of the NVRA, as it does not require new or additional information from the applicant.

The EAC General Counsel found that the remainder of the requested amendment to the state-specific instructions for Box 6 does require new or additional information from the applicant. Specifically, the following language for both options is below.

**Option 1(A)**: In addition to the above information, you shall also provide in box 6, if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number). If you do not have a unique immigration number, you shall provide in box 6 your place of birth (State/Province, Country); sex; and if known, your mother's maiden name (last name before marriage).

**Option 1(B)**: In addition to the above information, you must also attach a

4

separate document that legibly states your place of birth (State/Province, Country); your sex; if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number); and, if known, your mother's maiden name (last name before marriage).

Both requested additions begin with "in addition to the information above", which requires an applicant to provide information not previously requested in order to register to vote using the Federal Form. As a result, the General Counsel determined that the Commission was required to determine if the change is necessary to assess the eligibility of the applicant and/or to administer voter registration and other parts of the election process and if Louisiana had put forth evidence of necessity. Therefore, the General Counsel referred the question to the EAC Commissioners.

In accordance with the EAC Procedures for Voting by Circulation, on December 18, 2025 EAC Chair Donald Palmer called a vote by tally ballot on the matter. Chair Palmer provided the following recommendation for consideration by the Commissioners:

> The Commission should approve the State of Louisiana's request to modify its State-Specific Instructions on Box 6 of the Federal Form as "necessary" under Option 1(A) as presented by Louisiana. Option 1(A) *only* requests certain information such as unique identifying numbers, *if available*, or, if not, the applicant's place of birth, sex, and, if known, mother's maiden surname – *easily available information known by the applicant* - to assess eligibility without the applicant  being required to attach documentation or appear at the election office to confirm eligibility. Option 1(A) provides the opportunity for applicants to provide necessary information to Louisiana to confirm the eligibility of applicants without any additional action by the applicant. The modified instructions would provide notice to applicants at the point of registration with the Federal Form and the additional information in the possession of the applicant. Approval of these instructions would improve the efficiency, accuracy and overall integrity of the voter registration process to the benefit of the voter.

> In the alternative, if the Commission is unwilling to approve Option 1(A) as presented by Louisiana as "necessary," then the Commission should approve the State of Louisiana's request to modify its State-Specific Instructions on Box 6 of the Federal Form as "necessary" under Option 1(B) as presented by Louisiana. While Option 1(B) would require additional action by the applicant, Option 1(B) would allow Louisiana to collect the information it has deemed necessary in conducting the secure administration of elections in its own jurisdiction. It would provide notice to the applicant of the necessary documentation in the event that the applicant does not provide identifying numbers or information necessary to verify eligibility.

All documentation submitted by Louisiana was included as exhibits to the recommendation. On January 8, 2026 Chair Palmer certified the results of the tally vote matter. Commissioners Palmer and McCormick voted affirmatively, finding that, "Louisiana has indeed met the 'necessity justification required by the Statute." Commissioners Palmer and McCormick provided a joint

5

statement explaining the full rationale of their vote, which is attached as Appendix 1. Commissioners Hicks and Hovland disapproved, finding that, "Louisiana's Option 1(A) and 1(B) fail to meet the standard of necessity and would be at odds with Congress's intent through passage of the National Voter Registration Act related to the federal form." Commissioners Hicks and Hovland provided a joint statement explaining the full rationale of their vote, which is attached as Appendix 2. With the outcome of the tally vote at 2-2, the recommendation did not receive majority approval as required under the Help America Vote Act.[6] Therefore, the Commission must reject the request to amend the Louisiana state-specific instructions for Box 6 of the Federal Form.

As explained in the EAC's prior response, the amendments to adjust the language to "you" and "your" may be implemented. The EAC will send a draft of the approved changes in the state-specific instructions for review by Louisiana prior to final implementation in the form.
Thank you for your time and attention to this matter.

Sincerely,

*Brianna Schletz*

Brianna Schletz
EAC Executive Director

---

[6] 52 U.S.C. § 20924.

6

## Appendix 1

Joint Comments of Commissioners Palmer and McCormick

**Once again, for the third time, we vote yes on Louisiana's latest request to update their State Specific Instructions to the Federal form. We repeat (below) the comments we made to the votes on the previous two submissions. Additionally, we note that a more recent analysis of the Louisiana voter list with the SAVE databases conducted by the Louisiana Secretary of State in 2025 finds more than sufficient information pertinent to the question of the necessity of requesting certain information from registration applicants to verify eligibility. The new analysis with new federal databases revealed to Louisiana that an additional 403 non-citizens registered to vote and were not previously identified with current processes. Of these 403 non-citizens, 83 voted in one or more elections, some in multiple elections as delineated by the memorandum from the Director of the Election Integrity Division to the First Assistant Secretary of State. These 83 non-citizen voters accounted for over 440 votes in past Louisiana elections.  Unfortunately, over a dozen non-citizens on the voter registration rolls voted in 10 different elections. Of the 403 registrants eventually identified as non-citizens by the SAVE databases, none of the registrants provided documentation proving citizenship when requested by Louisiana, and these non-eligible were removed from the official voter registration list.**

**Louisiana has shown that the current system to verify eligibility is not guaranteed and requesting additional information be provided by the applicant would inevitably improve the election administration process by verifying eligible voters to be efficiently and accurately registered to voter and prevent ineligible voters from being improperly registered and illegally voting. The Federal Form needs to accommodate states, including Louisiana, that have available databases available at the state or federal level, to confirm and identify the eligibility of applicants to register to vote.**

**Comments on vote for 2nd submission:**

States are vested in the Constitution with the authority to determine the qualifications for voters in elections. Interpreting the Qualifications Clause of the Constitution, Article I, Section 2, Clause 1, in *Husted v. A. Randolph Inst.*, 584 U.S. 756 (2018), the Supreme Court stated: The Constitution gives States the authority to set the qualifications for voting in congressional elections as well as the authority to set the 'Times, Places and Manner' to conduct such elections in the absence of contrary congressional direction." Congress has not provided direction on this question other than to prescribe minimal contents of the Federal Form.

Again, we have carefully reviewed and examined the extensive memorandum by the EAC's Office of General Counsel, including Louisiana's request and submission of supporting facts, relevant data, and explanation why the requested change from Louisiana is necessary to assess the eligibility of citizens registering to vote with the Federal Form. We find that the State of Louisiana has again provided a comprehensive and specific explanation in their request to change the state's specific instructions to applicants. Louisiana has provided a thorough analysis of the necessity of its request, within its existing election administration and registration processes to assess and confirm eligibility of applicants. They have submitted evidence of the necessity due to non-citizens being able to register to vote under the current regime.

Louisiana submitted this additional request to the Commission to consider Option1(B), independent of Option1(A) in lieu of the Commission's denial of their previous request (Option

1

1(A)) to change the state specific instructions to request applicants use Box 6 to provide readily available information such as place of birth, sex, mother's maiden name (if known), and other identifying numbers (if applicable), to confirm eligibility of citizenship without requiring the applicant to attach a separate document with place of birth, sex, one of various identifying numbers, if applicable, and, if known, mother's maiden name to confirm eligibility.

With the information and explanation of the Louisiana Secretary of State and state director of elections, and in the face of Commission's previous denial, we find that the basis for this request *is even more necessary* for Louisiana to confirm the eligibility of the applicant than under their previous request. Without the option of requesting that the voter simply provide identifying numbers available to the applicant in Box 6 of the Federal Form, the state needs to inform the applicant that the individual needs to attach *a separate document* with the Federal Form that legibly states the place of birth (State/Province, Country); sex, and if applicant, one of a series of identifying numbers, and, if known, your mother's maiden name (last name before marriage). The attached document request information of the applicant to ensure the citizenship eligibility of the voter is confirmed by providing prior notice to the voters through the state specific instructions on the Federal Form.

In the past, Louisiana requested and the Commission approved without controversy that applicants without a Louisiana driver's license, special identification card, or social security number, be required to attach one of the following items to the application – a copy of a current and valid photo identification; copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows name and address. The Commission has already approved instructions to applicants to attach eligibility numbers or information to the Federal Form to confirm identity. However, instructing applicants to provide readily available information to allow the necessary confirmation of citizenship eligibility is not provided the same deference by the Commission.

In sum, Louisiana has provided a rational connection between the facts and deliberative choices to show their request is not simply about convenience for election officials; rather their request for additional information (i.e. place of birth, your sex, if known, mother's maiden name) is readily available to applicants, and is necessary to assess the citizenship eligibility of those applicants. Louisiana has provided evidence and explanation that the current process to confirm eligibility is wholly inadequate and insufficient to assess the citizenship of a potential voter or establish a modern verification process to keep ineligible voters from the official voter roll and from illegally voting as a non-citizen. Requesting that applicants provide to Louisiana readily available information needed to confirm eligibility of citizenship is a reasonable and necessary request.

Not only has Louisiana sufficiently shown necessity for this request to update their state-specific instructions, but we assert again that it is Louisiana, not the EAC, who should determine the process to determine the eligibility of voters in their state. We continue to support Louisiana's request and attach below our analysis of their previous **(first)** submission:

We have carefully reviewed and examined the extensive memorandum by the EAC's Office of General Counsel, including Louisiana's request and submission of supporting facts and relevant data, and explanation why the request is necessary to assess the eligibility of citizens registering

to vote with the Federal Form. We find that the State of Louisiana has provided a comprehensive explanation of that decision with a thorough analysis for the necessity of its request within its existing election administration and registration processes.

Louisiana has provided a rational connection between the facts and deliberative choices to show the request is not simply about convenience; rather their request for additional information is necessary to assess the eligibility of an applicant. They have clearly shown that the current process to confirm eligibility is wholly inadequate and insufficient to assess the citizenship of a potential voter or to establish a modern verification process to keep ineligible voters from the official voters roll and from illegally voting as a non-citizen. We support Louisiana's request for the following reasons.

Necessity Component Met

The EAC is explicitly instructed in the NVRA to develop the Federal Form "in consultation with the chief election officers of the States."[1] The federal form contains state specific instructions, which tell residents of each state what additional information they must provide and where they must submit the form. Each state specific instruction must be approved by the EAC before it is included on the federal form. The request of Louisiana is very reasonable to allow the state to seamlessly request "information "necessary to enable the state election official to assess the eligibility of the applicant when processing the federal form in the period prior to full registration.

Section 9 of the NVRA allows states to include with the federal form information that is necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process.

The Louisiana Constitution Article 1 Section 10 requires voters to be a citizen of the United States. In addition, Louisiana Revised Statutes 18:102 states "A. No person shall be permitted to register or vote who is:… (3) Not a citizen of the United States of America." Recently the Louisiana legislature enacted Act 500 of the 2024 Regular Session amending LA RS 18:104(D)(2) to require that each applicant submitting a voter registration application include with his application proof of United States citizenship.

The State of Louisiana appropriately finds it necessary that the instructions on the Federal Form for Louisiana be altered to include information the state has determined to be necessary to enable their election officials to properly determine citizenship as is now required by state law.

---

[1] 52 U.S.C. §20508

As means of comparison, Louisiana currently has instructions approved by the EAC that instruct applicants to provide certain documentary proof in-person of identity if they do not have a driver's license, identification card, or social security number. This process was approved by the EAC with little fanfare. In this request, Louisiana finds that it is necessary to have the ability to request additional information in the Federal Form state specific instructions to reduce the number of applicants that would need to provide citizenship in-person at local election offices. The real difference in this case is that it involves confirming the citizenship of applicants and that is taboo where there can apparently be no reasonable confirmation of eligibility by any state, including Louisiana. The "oath of affirmation" box provides no means for the Commission of verifying the citizenship of applicants or to accommodate the needs and requirements of the States. However, the U.S. Constitution disagrees with the Commission. The Constitution clearly provides that Louisiana decides whether the qualifications of applicants have been met in order to vote in state and federal elections.[2]

To deny Louisiana the ability to enforce its voter qualifications through additional instructions to applicants to the Federal Form raises serious constitutional doubts. The fact that politically appointed commissioners at the EAC can arbitrarily deny states the ability to request information from applicants necessary to assess citizenship eligibility is neither legal nor constitutional. No level of federal bureaucracy constitutionally has the power to deny the states the ability to determine the qualification of their voters.

The Louisiana legislature identified that there was an "indisputable interest in preventing election fraud" and "preserving the integrity of the election process" while "ensuring only eligible U.S. are citizens are voting."  Between 2021 and 2024, Louisiana noted that 124 registered voters were identified as potential non-citizens, with 97 of the 124 being removed from the list of eligible voters. Louisiana noted that there are many state and local races that are decided by less than 30 votes. Louisiana clearly needs to make changes to the Federal Form state specific instructions to fully assess the eligibility of the applicants and to administer voter registration and other parts of the election administration process.

Ultimately, questions of how many non-citizens have used the Federal Form to register to vote are irrelevant; if only one non-citizen uses the form to register and subsequently casts a ballot, it is unacceptable, as the vote of an ineligible voter necessarily erases the vote of an eligible one, and it is a fundamental right that an eligible voter's ballot be counted.

It's also irrelevant whether Louisiana's legislature discussed or performed a cost-benefit analysis of implementing a bifurcated system, a system which has been shown to be flawed in many respects, or that Louisiana provided the Election Assistance Commission evidence that such discussion did or did not occur during the Legislature's consideration of its Act 500.

---

[2] Article 1, Section 2; Oregon v. Mitchell 400 U.S. 112, 210 (1970) quoted in Arizona v. ITCA.

4

A necessity justification does not require that every or any other option be considered or utilized or found to be potentially more or less expensive or more-or-less effective than the one submitted. Louisiana does not need to show or prove that other means are unreasonable before undertaking the method it deems necessary to achieve its goal. Even so, **Secretary Landry and Commissioner Hadskey have provided sworn declarations that a bifurcated system is not feasible in Louisiana because of the cost, burden, and potential for voter registration errors.** Additionally, they stated that failure to allow the state to update its instructions to those using the federal form will have potential adverse effects of either disenfranchising applicants who use the form or require that election officials violate Louisiana and/or Federal law. The State has provided what it believes to be a necessary measure to assess the eligibility of persons attempting to register to vote in Louisiana. The role of this federal Commission is not to act as a super-legislature by substituting its wisdom over that of the State's and is certainly not authorized to veto it when it has complied and provided what the Courts have found is required by the Statute.

In order to administer elections in Louisiana in the Constitutional manner they find appropriate, **election officials need to be able to confirm citizenship.**

Eases the Burden on Individuals and the States of Having to Prove Citizenship

Louisiana is not asking applicants to prove their citizenship, but simply to provide additional information they may have, so election officials can confirm that what is on the voter application is a true and accurate statement in a manner that is efficient for both the voter and the election office while also allowing limited election resources to be used to ensure other parts of the election process are being properly administered. Providing this readily known or obtainable information imposes a *de minimis* burden, if any, on applicants and shifts nearly all of the burden to state election officials who will determine eligibility using the information provided.

Louisiana has provided statistic tables that show the percentage of voter registration applications "likely required to submit additional information to determine eligibility" with percentages between 7.01% - 7.80% for 2021, 2022, and 2023. In 2024, the percentage was reduced to 5.4%. As the Hadskey Declaration states, the estimated percentage of applicants to provide additional information to determine eligibility would have decreased to between 0.034%-0.059% if applicants had provided the information Louisiana is now currently seeking to request from applicants. With this request, Louisiana is seeking to reduce the burden on voters and election officials where voters would be otherwise be required to provide documentary proof of citizenship in-person.

Often forgotten in determining election policies, is the burden created on election administrators. If we want elections to be safe, secure, accurate and accessible it takes a great deal of resources. To ensure accuracy, Louisiana has decided that it is in their best interest to confirm if someone who desires to vote is a citizen or is not. While there are resources available through federal platforms to confirm citizenship, certain information is required in order to use federal databases, so Louisiana is asking those who register to provide that information.

5

Louisiana seeks to modify their Federal Form instructions to enhance voter registration by using available technology and databases to bring registration into 2025 by increasing the successful participation by applicants and protecting the integrity of the registration process. Determining the eligibility of applicants as citizens with the most accurate databases available will reduce the need for in-person documentation by applicants, thus increasing the number of eligible citizens who will ultimately be registered and fully participate in the electoral process.

When one registers to vote in Louisiana (and in most other states), an address is confirmed either through additional paperwork (i.e.: drivers' license, utility bill, payroll check, bank statement or government document that includes an applicant's name and address) or through a verification mailing card. The same is now being done with citizenship by asking for a USCIS/Alien Registration Number, Form I-94, Arrival/Departure Record, SEVIS ID number, Naturalization/Citizenship Certificate Number, or other information to help determine citizenship. This confirmation process is a reasonable, yet necessary (which Louisiana has shown), effort to help ease the onerous task of maintaining accurate voting rolls as is required by the NVRA. It also increases voter confidence in the outcomes of elections in knowing that only eligible citizens are able to cast a ballot.

Complying With the Goals of the NVRA

The purpose of the NVRA is to protect the integrity of the electoral process, ensure accurate voter registration records of eligible voters, and increase the number of eligible citizens who register to vote. Protecting the integrity of the electoral process enables State election officials to assess the eligibility of applicants and part of assessing eligibility is verifying citizenship. Allowing this change in the instructions will enable election offices in Louisiana to be able to administer voter registration and other parts of the election process as required by the NVRA.

Applicants who verify identity and address with secondary information (i.e. utility bill, bank statement, check or other government document) is not adequate nor sufficient to determine citizenship for all applicants. Those applicants who do use secondary information are already likely required to submit additional information to the registrar of voters, either concurrent with the submission of the application or after receipt of a verification letter, to have the components of eligibility assessed and verified. By initially including this information when the voter registers, this alleviates the burden on the applicants for whom matches cannot be made using existing information to appear in person to prove eligibility and increase the speed at which these applicants can be verified and added to the official list of voters.

The NVRA also requires an official notice to be sent to voting registration applicants to allow for the confirmation of an address. If it has been deemed worthwhile to verify the address, should not the same be allowed for citizenship? The application includes an attestation that the applicant meets each such requirement on the application and requires the signature of the applicant under penalty of perjury. If it is claimed that this is enough to verify citizenship, why is the same argument not made when it comes to confirming an address? It is understandable that the desire to ensure accurate voter registration information would include the confirmation of citizenship.

**Conclusion**

Finally, while the EAC General Counsel does not specifically provide a recommendation one way or another, he does analyze Louisiana's submission thoroughly and outlines the facts in Section III of his memo to support the approval of the State's submission.

We also realize that this is a change that would benefit many other states as the desire to verify citizenship is growing throughout the country. Therefore, we as part of the EAC see this change as necessary to meet the needs of the many states as well.

For these reasons, we vote yes and find the State of Louisiana's request to amend their voter specific instructions appropriately necessary and that **Louisiana has indeed met the "necessity" justification required by the Statute.**


**Donald L Palmer**                                                                 **Christy A McCormick**

**Appendix 2**

Joint Comments of Commissioners Hicks and Hovland

The Chair has recommended that the Commission reconsider and approve Louisiana's request to modify its State-Specific Instructions on Box 6 of the National Mail Voter Registration Form (federal form) as "necessary" under either Option 1(A) or Option 1(B), as presented by Louisiana in an updated submission on November 21, 2025.  We previously rejected this request and cannot join the current recommendation. The additional information presented by Louisianna fails to address or outweigh the concerns raised in the Commission's previous votes related to this issue.

Louisiana's Option 1(A) requests new instructions to direct applicants to provide additional information in Box 6 of the National Voter Registration Form. In addition to the existing requirements for identification numbers in Box 6, Louisiana requests "if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number). If you do not have a unique immigration number, you shall provide in box 6 your place of birth (State/Province, Country); sex; and if known, your mother's maiden name (last name before marriage)."

Louisiana's Option 1(B) requests a change to the state instructions of the federal form that would direct applicants to "attach a separate document that legibly states your place of birth (State/Province, Country); your sex; if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form 1-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/1-797 Receipt Number); and, if known, your mother's maiden name (last name before marriage)."

The nature of the additional information requested under both options raises serious concerns. Box 6 is currently an area of the form for applicants to provide their identification numbers. The additional information sought by Louisiana – birthplace, mother's maiden name, and gender – whether in Box 6 itself as under Option 1(A) or through additional documentation under Option 1(B), is of a different nature than what is currently required and may cause confusion to voters.

The courts have also noted equal protection issues where naturalized citizens face different requirements for access to the ballot box[1] and have found birthplace requirements to violate the Materiality Provision of the Civil Rights Act.[2] Generally, when looking at such a request, the courts have instructed that the appropriate review relates to a determination of necessity.[3] As it relates to Option 1(A), there is also a threshold issue related to the nature of what is being requested that must be addressed prior to any necessity determination of the content being sought by Louisiana. Option 1(A) raises logistical issues that make the request untenable in its current form. Louisiana has requested instructions that would require some applicants to provide additional identifying information in the same box as already required information. If this were permitted, all of the requested information may not fit within the confines of Box 6, causing accessibility issues where an applicant may need to write very small characters or where the

---

[1] See e.g. *Boustani v. Blackwell*, 460 F.Supp.2d 822 (2006).
[2] See *Mi Familia Vota v. Fontes*, 129 F.4th 691 (2025).
[3] *Arizona v. Inter Tribal Council of Arizona, Inc.,* 570 U.S. 1 (2013).

form becomes unusable for some applicants. This would likely be in violation of the Americans with Disabilities Act.

Additionally, Louisiana's Option 1(B) is similar to the request Arizona made of the Commission nearly 20 years ago that led to litigation that eventually made its way to the Supreme Court.[4] As was noted in that process, this question was directly contemplated by Congress in the legislative history of the National Voter Registration Act (NVRA). Congress determined that an attestation of citizenship under penalty of perjury was sufficient to verify citizenship of applicants utilizing the federal form. This specific issue was addressed at conference by Congress. The subsequent report addressed documentary proof of citizenship, noting:

> It is not necessary or consistent with the purposes of this Act. Furthermore, there is concern that it could be interpreted by States to permit registration requirements that could effectively eliminate, or seriously interfere with, the mail registration program of the Act. It could also adversely affect the administration of the other registration programs as well.[5]

Congress has proposed legislation to revisit this issue many times since the passage of the NVRA. In fact, there is currently legislation before Congress to address this very issue.[6] Considering this and the Supreme Court's guidance under the "major questions doctrine," any change to the requirements to prove citizenship when utilizing the federal form should be made by Congress.[7]

Even if it were solely the EAC's decision to make, Louisiana's submission fails to meet the "necessary" threshold. Louisiana's primary arguments and evidence to support their claim of necessity are: (1) the state removed 403 individuals from the voter rolls based on information from the Systematic Alien Verification for Entitlements (SAVE) data in May 2025 and a failure of those individuals to respond to a subsequent inquiry; (2) the state earlier identified and removed 97 potential non-citizens from the millions of registrants on their voter rolls from 2017-2024 who failed to appear before a registrar to show cause demonstrating eligibility; (3) evidence that Louisiana has had a number of close elections in state and local contests; and (4) that it would be burdensome and costly to maintain dual registration systems similar to what the state of Arizona has implemented.

Despite the large volume of Louisiana's submission, the state failed to provide any evidence in any submission that the identified 500 potential non-citizens removed from the rolls had registered using the federal form. In fact, the state does not mention at all how many people utilize the federal form in Louisiana. Earlier this year, the EAC solicited feedback from all states about usage of the federal form, but Louisiana neglected to provide a response to that inquiry. As a result, we have no information about the usage of the federal form in Louisiana and are therefore unable to assess either the positive impact or potential harm this request seeks to avert.

---

[4] *Arizona v. Inter Tribal Council of Arizona, Inc.,* 570 U.S. 1 (2013).
[5] H. Rep. No. 103-66, 103d Cong., Apr. 28, 1993, at 23-24 (conference report).
[6] Safeguard American Voter Eligibility Act, H.R. 22, 119th Cong. (2025).
[7] See *West Virginia v. EPA*, 597 U.S. 697, 723 (2022).

As further argument to prove necessity, Louisiana states "while it is not common for Federal elections in Louisiana to be decided by a narrow vote, it is common for State and local elections to be decided by narrow margins." While we appreciated the information about Louisiana's close contests in state and local races, this is outside the scope of the EAC's charge. Congress created the federal form to ensure Americans could register for federal elections.

Louisiana's submission to revise their instructions was prompted by passage of Act 500 by the Louisiana Legislature amending LA. R.S. 18:104(D)(2) to require proof of United States citizenship to submit a voter registration application. The state's first request letter from January 30, 2025 stated "Louisiana's voter registration form will need to be updated to comply with Act 500, and that it would be more efficient to amend the state form after the Federal form is amended."

The state notes that an alternative system of bifurcated registration similar to that instituted by Arizona would be burdensome and costly. We understand those concerns but assume the Louisiana State Legislature would have had information about the likelihood that this legislation would necessitate such a system and the associated potential costs. If the Louisianna Legislature did not appropriate funding to sufficiently support the implementation of Act 500, that is not something the EAC is positioned to remedy. As the 10th Circuit has noted, "[g]eneralized complaints… that [alternative verification methods] present logistical difficulties" does not meet the "necessity" standard originally prescribed by the Supreme Court.[8]

In consideration of these facts, we believe Louisiana's Option 1(A) and 1(B) fail to meet the standard of necessity and would be at odds with Congress's intent through passage of the National Voter Registration Act related to the federal form. It is for these reasons that we do not join the Chair's recommendation.

Thomas Hicks
EAC Vice Chair

Ben Hovland
EAC Commissioner

---

[8] *Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183, 1197-1198 (10th Cir. 2014).