UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA**, by and through its Attorney General, **LIZ MURRILL**; and **NANCY LANDRY**, Louisiana Secretary of State,<br><br>*Plaintiffs,*<br><br> *v.*<br><br>**THE UNITED STATES ELECTION ASSISTANCE COMMISSION**; and **BRIANNA SCHLETZ**, in her official capacity as the Executive Director of the United States Election Assistance Commission,<br><br>*Defendants.* | Civil Action No. 3:26-cv-01191 |

**PUBLIC INTEREST LEGAL FOUNDATION'S
PROPOSED COMPLAINT IN INTERVENTION**

1.      Noncitizens have been registering to vote in Louisiana. The proposed intervenor Public Interest Legal Foundation has collected evidence of these registrations in addition to the evidence that the Plaintiffs have found.

2.      This is an action for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("DJA"), and the Administrative Procedures Act, 5 U.S.C. § 500 *et seq.* ("APA").

3.      Defendants' (hereafter, "EAC") failure to modify the Louisiana-specific instructions on the Federal Form as requested by Plaintiffs (hereafter, "Louisiana") constitutes agency action unlawfully withheld under the APA, 5 U.S.C. § 706(1).

4.      The EAC's failure to modify the Louisiana-specific instructions on the Federal Form as requested by Louisiana constitutes agency action that was arbitrary, capricious, an abuse of discretion, and otherwise not made in accordance with law under the APA, 5 U.S.C. § 706(2)(A).

1

5.  The EAC's failure to modify the Louisiana-specific instructions on the Federal Form as requested by Louisiana constitutes agency action that was in excess of statutory jurisdiction, authority, limitations, or short of statutory right under the APA, 5 U.S.C. § 706(2)(C).

6.  As a sovereign State of the United States, Louisiana has the constitutional authority to establish voting qualifications, including voter registration requirements. U.S. Const. art. I, § 2, cl. 1; U.S. Const. amend. X and XVII. The statute under which the EAC acted to reject Louisiana-specific instructions—52 U.S.C. § 20508—contravenes Louisiana's constitutional authority, and the statute is therefore unconstitutional.

## JURISDICTION AND VENUE

7.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1346(a), 1361, 2201, 2202 because this action against a United States agency and officer in her official capacity raises federal questions under the APA, 5 U.S.C. §§ 500 *et seq.*, the National Voter Registration Act, 52 U.S.C. §§ 20501 et seq., the Help America Vote Act ("HAVA"), including the EAC's enabling statutes, 52 U.S.C. §§ 20901 et seq., and the United States Constitution.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because the defendants are a federal agency and officer in her official capacity, Plaintiff Louisiana resides in this district, and no real property is involved in this case.

## PARTIES

9.  The Public Interest Legal Foundation, Inc., ("Foundation") is a non-partisan, 501(c)(3) public interest organization incorporated and based in Alexandria, Virginia. The Foundation promotes the integrity of the electoral process nationwide through research, education, remedial programs, and litigation. The Foundation regularly studies and analyzes

alien registration and voting, and its damaging effects on immigrants. To accomplish this, the Foundation regularly utilizes the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i)(1) and state and federal open records laws that require government records be made available to the public. The Foundation uses public data to propose and promote best practices and solutions for specific and general voter list maintenance problems concerning aliens. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the advocacy and educational aspects of its organizational mission.

10.     Plaintiff State of Louisiana is a sovereign State of the United States of America, and Liz Murrill, as the duly elected Attorney General and chief legal officer of the State of Louisiana, has the authority to institute, prosecute, or intervene in any civil action or proceeding as necessary for the assertion or protection of any right or interest of the State. La. Const. art. IV, § 8.

11.     Plaintiff Nancy Landry is the Secretary of State for the State of Louisiana. Pursuant to Article IV, Section 7 of the Louisiana Constitution and Louisiana Revised Statute 18:421, the Secretary of State is the chief election officer of the State and the designated chief State election official for purposes of the NVRA. Secretary Landry administers voter registration laws and coordinates the responsibilities of Louisiana under the NVRA. La. R.S. 18:18. The Secretary of State is also the executive head of the Department of State and represents the public interest in the administration of the Department. La. R.S. 36:741–42.

12.     Defendant United States Election Assistance Commission is an agency of the United States, established under federal law, 52 U.S.C. §§ 20921–20930, and is an "agency" as that term is defined in the APA, 5 U.S.C. § 551(1). Pursuant to the NVRA, the EAC is required

3

to develop the Federal Form, in consultation with the chief election officers of the States, for the registration of voters for elections for federal office. 52 U.S.C. § 20508(a)(2).

13.     Defendant Brianna Schletz is the Executive Director of the EAC and is named as party in her official capacity.

## FACTUAL BACKGROUND

14.     Plaintiff-Intervenor Public Interest Legation Foundation incorporates by reference paragraphs 11 through 50 of Plaintiff Louisiana's Complaint, (ECF No. 1). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations and quotations omitted); *In re Missionary Baptist Found., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

15.     The Foundation has one of the longest running programs dedicated to protecting the integrity of the electoral process and accurate voter rolls across the nation.

16.     The study and remediation of alien registration and its impact on citizens and immigrants is a core component of the Foundation's programming and mission. The Foundation has been documenting this problem in numerous states across the country over the last decade. *See* Public Interest Legal Foundation, "Foreign Nationals Voting in American Elections*,*" *available at* https://publicinterestlegal.org/foreign-nationals-voting/.

17.     The Foundation has dedicated considerable resources to gathering government records, litigating, monitoring, testifying before lawmakers, speaking to the public, and preparing written, solution-driven, reports.

18.     For example, in 2017, the Foundation published a report summarizing the results from its county-by-county survey of voter registration records in New Jersey and proposing solutions for the identified issues. Public Interest Legal Foundation, "Garden State Gotcha" (Sept. 2017), *available at* https://publicinterestlegal.org/pilf-files/Garden-State-Gotcha_PILF.pdf. In this limited survey, the Foundation found numerous examples of self-identified and officially recorded noncitizens in 11 counties. One such example is below.



Burlington County voter record.

19.     In 2018, the Foundation published a report highlighting 10 of the 139 documented cases of alien registration in Allegheny County, Pennsylvania. Public Interest Legal Foundation, "Steeling the Vote: Allegheny County, PA Reveals How Citizenship Verification Protects Citizens and Immigrants Alike" (July 2018), *available at* https://publicinterestlegal.org/pilf-files/Steeling-the-Vote-7.11.18.pdf. One such example is below.

To Whom It May Concern:

I am writing to request that my name be removed from the voter registration list.

I am not eligible to vote as I am not an American citizen.

I had just come into the United States on a fiancé visa, and applied for a drivers license on August 1, 1996.  When it came to the "register to vote" part of the application, I asked the attendant if I should fill it out.  I told her that I didn't think I was qualified to vote as I wasn't a citizen.  She thought I should fill it out anyway, and that it would be rejected if I was not qualified.

I have never voted in any election, and will not do so until I am a citizen.

Please remove my name from the voter registration list, and provide documentation to that effect, as well as a copy of my "voting record" that I may forward with my citizenship application.

Cancellation letter to Allegheny County

20.     Also in 2018, the Foundation published a report that cataloged 3,120 examples of self-reported or cancelled alien registrations in various states. Public Interest Legal Foundation, "Safe Spaces: How Sanctuary Cities Are Giving Cover to Noncitizens on the Voter Rolls" (Aug. 2018), *available at* https://publicinterestlegal.org/pilf-files/Safe-Spaces_Final.pdf. This report contains examples of aliens self-reporting their improper registration to election officials. Two such examples are below.

In case clarification is needed, please provide your phone number:  _____

Please cancel this registration for the following reason:  I AM NOT A US CITIZEN I FILED IN DMV FORM IN ERROR. PLEASE REMOVE ME

Signature: ____                    Date: 08 - 08 - 17.

*I accidentally registered to vote while attending City College of san Francisco because I thought I was registering to vote for student body of the campus.*

21.     In 2023, the Foundation published a report documenting the Foundation's work on alien registration in North Carolina. Public Interest Legal Foundation, "Motor Voter at 30

6

Years: The Cause & Barrier to Stopping Non-Citizen Voting" (June 2023), *available at* https://publicinterestlegal.org/wp-content/uploads/2024/02/Motor-Voter-at-30-North-Carolina-FINAL.pdf. One example is below.

> I am not a U.S. Citizen and recently I applied for Naturalization with the U.S. Citizenship and Immigration Service (USCIS); however my application has been put on pending due to back in or about 09/07/2000 I registered to vote in Buncombe County.
>
> Back in 2000, my English was very little and I went the Buncombe County Department of Motor Vehicles to renew my driver's license; however, the lady there gave me different forms to fill out and I got confused but she indicated to me to complete all of the forms. I did complete the forms and a few days later I received a voter's registration card in the mail. I did not know that I was not supposed to register to vote.
>
> I have never had the intention to register myself to vote. Now, this mistake is causing me lots of problems with the Immigration Service for them to process my application for naturalization any further.

22.    Upon its work, the Foundation has testified and spoken to legislatures about the problem of alien registration and voting. Examples of this include the following:

a.  Press Release, Chairman Steil Hosts Roundtable on The Make Elections Great Again Act (Feb. 25, 2026), https://cha.house.gov/press-releases?ID=85C19B99-F2F6-47A1-AE3E-CF3C15804F4B

b.  Testimony of J. Christian Adams, U.S. House of Representatives Committee on House Administration (May 16, 2024), https://publicinterestlegal.org/wp-content/uploads/2024/05/Testimony-of-J-Christian-Adams-May-16-2024-2.pdf

c.  Testimony of Logan C. Churchwell, Alaska Senate Committee on Finance, Judiciary Subcommittee (May 3, 2022), https://publicinterestlegal.org/wp-content/uploads/2022/05/Testimony-of-Logan-Churchwell-May-3-2022.pdf

d.  Testimony of Kaylan L. Phillips, U.S. House of Representatives Committee on Oversight and Reform, Subcommittee on Civil Rights and Civil Liberties (May 1,

2019), https://publicinterestlegal.org/pilf-files/House-Oversight-Committee-Testimony-of-Kaylan-Phillips-May-1-2019.pdf

e.  Testimony of J. Christian Adams, House State Government Committee on Election Integrity and Reforms (Oct. 15, 2018), https://publicinterestlegal.org/pilf-files/October-2018-J-Christian-Adams-Testimony-to-the-PA-Committee.pdf;

f.  Testimony of Noel H. Johnson, House State Government Committee on Noncitizen Registration and Voting in the Commonwealth (Oct. 25, 2017), https://publicinterestlegal.org/pilf-files/Johnson-Oct-17-Testimony.pdf

23.     The Foundation's research has shown that the current citizenship checkbox on the Federal Form has failed to prevent alien registration.

24.     The Federal Form simply asks applicants to check a box—yes or no—as to whether the applicant is a citizen. This system has proven a failure across the nation. Even "no" answers result in registration due to errors made by election officials. Below are two such examples.



*See* Public Interest Legal Foundation, "Foreign Nationals Voting in American Elections,"

https://publicinterestlegal.org/foreign-nationals-voting/.

25.     Further, the Foundation's research into voter rolls across the nation has yielded

examples of noncitizens improperly answering "yes" on the citizenship checkbox. *See Ian Andre*

*Roberts' Unredacted Voter File Shows Maryland's Need for SAVE Database* (Dec. 1, 2025),

https://publicinterestlegal.org/research/ian-andre-roberts-unredacted-voter-file-shows-marylands-

need-for-save-database/.

26.     The Foundation has obtained copies of letters from immigration officials asking

would-be citizens to verify their registration and voting history as part of the naturalization

process.

27.     The Foundation has also obtained copies of letters from registered aliens seeking

to remove their names from voter rolls because they are not citizens. One example is below.

> Dear Sirs and Madams;
>
> My name is Turan ████ On this day 02/18/2009 I went to get my License at Penn DOT Bridgeville license center. THEY thought I could vote for elections! And they made me fill up applications for voter registration and I started fill it up! Because I thought that was any other paper needed to be filled up in order to get my license.
> I am just a Green card holder (permanent resident) and I don't speak English nor I am NOT A Citizen! She should not offer any voting registration to any foreign person who doesn't speak English.
> Because of that I would want you to CANCEL my voting registration
>
> Thank you for your understanding and your help!!!

Excerpt from cancellation request received by Allegheny County

*See* Public Interest Legal Foundation, "Foreign Nationals Voting in American Elections*,*"

https://publicinterestlegal.org/foreign-nationals-voting/.

28.    The Foundation has also dedicated substantial resources attempting to gather evidence of alien registration in numerous state and local jurisdictions across the nation, including California, Illinois, Michigan, Texas, Virginia, Massachusetts, North Carolina, and Arizona. While some election officials resist transparency, the Foundation has discovered alien registration almost everywhere it looks. This is a nationwide issue.

29.    Recently, the Foundation has dedicated time and resources to researching the voter roll in Louisiana, including making records requests in 15 Louisiana parishes. Absent relief, the Foundation intends to devote additional resources in Louisiana for similar and additional activities.

30.    Responses to these records requests show evidence that aliens have registered to vote in Louisiana. Two such examples are below.

10



| Name | Sex | Race | DOB | Reg No. | Event Date | Print Date | Canceled | Res. Address/Mail Address | Event Reason |
|------|-----|------|-----|---------|-----------|-----------|----------|---------------------------|--------------|
| KENDALE | M | B | 1981 | | 10/13/2021 | 10/14/2021 | 11/04/2021 | KENTWOOD, LA 70444-4829 SAME | Not US Citizen |
| JACKYLOU | F | O | 1990 | | 09/02/2022 | 09/05/2022 | 09/26/2022 | ROBERT, LA 70455-2335 SAME | Not US Citizen |

Report Count:  2

31.  The EAC's refusal to make Louisiana-specific changes the Federal Form is harming the Foundation.

32.  Because the Federal Form is failing to prevent registration by aliens, the Foundation must devote considerable time, energy, and resources to evaluate and remediate alien registration. Among other things, the Foundations must identify jurisdictions where alien registration is occurring, request government records, litigate denied requests, analyze data and records, prepare written and spoken advocacy, testify before lawmakers, and propose solutions.

33.  In sum, the EAC's actions are frustrating, impeding, and harming the Foundation's efforts to carry out its organizational mission and thereby injuring the Foundation.

34.  Should Louisiana and/or the Foundation prevail in this action, the Foundation will no longer be required to spend time, energy, and resources monitoring, evaluating, and remediating alien registration in Louisiana. The Foundation would spend these resources elsewhere. In other words, the Foundation's injury would be remedied.

## CLAIMS FOR RELIEF

35.  The Foundation incorporates by reference paragraphs 51 through 91 of Plaintiff Louisiana's Complaint, (ECF No. 1). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations and quotations

11

omitted); *In re Missionary Baptist Found., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

## PRAYER FOR RELIEF

36.    The Foundation incorporates by reference Plaintiff Louisiana's Prayer for Relief, (ECF No. 1 at 25-26). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations and quotations omitted); *In re Missionary Baptist Found., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

Dated: May 4, 2026.

Respectfully submitted,

/s/ *Mark G. Montiel, Jr.*
MARK G. MONTIEL, JR. (#36122)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
mmontiel@montielhodge.com

/s/ *Noel H. Johnson*
Noel H. Johnson*
     *Lead Attorney*
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA 22314
Tel: (703) 745 5870
njohnson@PublicInterestLegal.org
*\* Pro Hac Vice application forthcoming*
*Attorneys for Plaintiff Public Interest Legal*
*Foundation*

12